# Illinois Official Reports

## Appellate Court

*CitiMortgage, Inc. v. Bukowski*, **2015 IL App (1st) 140780**

| | |
|---|---|
| Appellate Court Caption | CITIMORTGAGE, INC., Plaintiff-Appellee, v. ANNA BUKOWSKI and KATHERINE D. BUKOWSKI, Defendants-Appellants. |
| District & No. | First District, Third Division<br>Docket No. 1-14-0780 |
| Filed | January 21, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court affirmed the entry of summary judgment for plaintiff mortgagee in a mortgage foreclosure action, notwithstanding defendants' contentions that the trial court erred in striking certain of defendants' affirmative defenses, including the claim that they did not receive notice of acceleration of their loan and that plaintiff did not comply with the federal Truth in Lending Act. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-7426; the Hon. Robert E. Senechalle, Judge, presiding. |
| Judgment | Affirmed. |

| | |
|---|---|
| Counsel on Appeal | Charles Aaron Silverman, PC, of Chicago (Charles Silverman, of counsel), for appellants. |
| | Codilis & Associates, PC, of Chicago (Louis J. Manetti, Jr., of counsel), for appellee. |
| Panel | JUSTICE MASON delivered the judgment of the court, with opinion. Presiding Justice Pucinski and Justice Lavin concurred in the judgment and opinion. |

## OPINION

¶ 1    In this mortgage foreclosure action relating to property located at 1503 North Larch Drive in Mount Prospect, Illinois, the trial court granted summary judgment to plaintiff-appellee CitiMortgage, Inc., against defendants-appellants, Anna and Katherine Bukowski. Following a judicial sale of the property, the trial court confirmed the sale in an order dated February 20, 2014. On appeal, defendants contend that the trial court erred in striking certain affirmative defenses, specifically, that they did not receive a notice of acceleration of the loan and that CitiMortgage failed to comply with the federal Truth in Lending Act (TILA) (15 U.S.C. § 1601 *et seq.* (2006)) in connection with the modification of the loan. Finding no merit in either issue, we affirm.

¶ 2                                    BACKGROUND

¶ 3    CitiMortgage filed its complaint to foreclose the mortgage on February 9, 2012. CitiMortgage alleged a default in payment of monthly installments on the loan beginning in October 2011. Attached to the complaint were the mortgage and note dated November 21, 2007, and a loan modification agreement executed on June 24, 2010. The loan modification adjusted the interest rate on the loan and changed the maturity date. Only Anna signed the note and loan modification agreement. Both Katherine and Anna signed the original mortgage.

¶ 4    On March 16, 2012, Anna filed a *pro se* answer. Anna claimed that she possessed insufficient information to allow her to admit or deny the existence of a default in payment of amounts due under the loan. She did not raise any affirmative defenses.

¶ 5    Counsel later appeared for both Anna and Katherine. Counsel filed a motion to withdraw Anna's *pro se* answer, which was denied, but the court granted Anna leave to file an amended answer. Katherine filed an answer on August 23, 2012, raising two matters denominated as "affirmative defenses." In her first defense, labeled "Failure of Condition Precedent," Katherine claimed that she did not receive an acceleration notice from CitiMortgage. Katherine's second defense alleged that when the loan was modified and Anna was required to establish an escrow account for the payment of real estate taxes, CitiMortgage failed to provide Anna with notice of the requirements of the Illinois Mortgage

Escrow Account Act (765 ILCS 910/11 (West 2012)), thus violating TILA. Anna's amended answer filed the same day raised identical defenses.[1]

¶ 6    CitiMortgage filed a motion pursuant to section 2-619.1 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2012)) to dismiss defendants' affirmative defenses. CitiMortgage argued that the first defense was not a proper affirmative defense because it was premised on the claim that a condition precedent to the foreclosure action had not been met. Further, CitiMortgage contended that defendants failed to allege that they had performed as required under the mortgage, note and loan modification agreement. CitiMortgage attached a copy of the notice addressed to Anna dated November 7, 2011, and provided the affidavit of Erin Theobald, a business operations analyst, attesting to the mailing of the notice on that date. As to the claimed TILA violation, CitiMortgage argued that TILA does not apply to loan modifications and that, in any event, a TILA violation in connection with the loan modification would not invalidate the loan.

¶ 7    After briefing, CitiMortgage's motion was granted on January 15, 2013. The trial court dismissed the first defense based on the claimed nonreceipt of the acceleration notice with leave to amend. The second defense based on the alleged TILA violation was dismissed with prejudice. Katherine later filed a pleading labeled "amended" affirmative defenses, which added no additional facts. No second amended affirmative defenses were filed by Anna.

¶ 8    Six months later, CitiMortgage moved for summary judgment. Defendants' response recited the standards for affidavits under Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013), but made no substantive argument that the affidavits filed by CitiMortgage did not meet those standards. Defendants also failed to supply any affidavit to support their claimed nonreceipt of the acceleration notice. After considering the briefs and arguments of counsel, the trial court granted CitiMortgage's motion and entered a judgment of foreclosure and sale. Pursuant to the judgment, a judicial sale was conducted on November 26, 2013, and the sale was confirmed on February 20, 2014.

¶ 9    Defendants filed their notice of appeal on March 18, 2014. Defendants' notice of appeal specified that they were appealing from the February 20, 2014, order confirming the judicial sale and that the relief sought on appeal was to overturn the order approving the sale.

¶ 10    CitiMortgage filed a motion to dismiss the appeal on the ground that no relief from the only order specified in the notice of appeal–the order confirming the judicial sale–was warranted because that order was entered on presentment and without objection from defendants. CitiMortgage further argued that the order granting the motion to dismiss the two defenses was not subject to review because it was not listed in the notice of appeal. On May 27, 2014, this court denied CitiMortgage's motion to dismiss without prejudice to its ability to raise the issue in briefing.

¶ 11                              ANALYSIS

¶ 12    CitiMortgage first argues that we should dismiss this appeal because the only order specified in defendants' notice of appeal was the order confirming the judicial sale.

---

[1]Although the amended answer states that it is being filed on behalf of Katherine, the notice attached to the answer states that it is being filed on behalf of Anna. Because the amended answer is identical to Katherine's answer filed the same day, we assume Anna's attorney simply neglected to change the name of his client in Anna's amended answer.

CitiMortgage notes that defendants did not object to the entry of that order. By failing to indicate that they were appealing the trial court's dismissal of their defenses or the order granting summary judgment to CitiMortgage, CitiMortgage argues that defendants have waived review of any error in connection with those orders. We disagree.

¶ 13    It is well settled that an appeal from a final judgment in a case entails review not only of the final judgment order, but of any interlocutory orders constituting " ' "a step in the procedural progression leading" ' " to that judgment. *Fitch v. McDermott, Will & Emery, LLP*, 401 Ill. App. 3d 1006, 1014 (2010) (quoting *Neiman v. Economy Preferred Insurance Co.*, 357 Ill. App. 3d 786, 790 (2005), quoting *In re D.R.*, 354 Ill. App. 3d 468, 472 (2004)); see also *Perry v. Minor*, 319 Ill. App. 3d 703, 708-09 (2001). Here, the only contested matters in the trial court related to defendants' assertion of defenses to CitiMortgage's foreclosure complaint. "The purpose of the notice of appeal is to inform the prevailing party in the trial court that his opponent seeks review by a higher court. [Citation.] The notice should be considered as a whole and will be deemed sufficient to confer jurisdiction on an appellate court when it fairly and adequately sets out the judgment complained of and the relief sought, advising the successful litigant of the nature of the appeal. [Citation.]" *Fitch*, 401 Ill. App. 3d at 1014. When defendants filed their notice of appeal, CitiMortgage was undoubtedly aware that the only basis for challenging the final judgment in this case was the trial court's dismissal of the defenses raised to CitiMortgage's foreclosure complaint. The dismissal of defendants' affirmative defenses was a "step in the procedural progression" of the foreclosure action that ultimately led to confirmation of the sale. Thus, defendants' appeal from the final order entered in the case encompasses review of the trial court's orders dismissing the affirmative defenses and entering summary judgment for CitiMortgage.

¶ 14    Furthermore, even if, from a "technical" standpoint (*Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 20) defendants' notice of appeal was deemed deficient, we would not be inclined to find waiver as it is a limitation on the parties and not the court's jurisdiction. *Cambridge Engineering, Inc. v. Mercury Partners 90 BI, Inc.*, 378 Ill. App. 3d 437, 453 (2007). We therefore find we have jurisdiction to decide the issues raised by defendants on appeal.

¶ 15    With respect to the merits of defendants' appeal, they first contend the trial court erred in dismissing their "defense" based on the contention that they did not receive the acceleration notice from CitiMortgage. Defendants alleged that they regularly checked their mail, that they had received other communications from CitiMortgage, but that they never received an acceleration letter. We review the dismissal of defendants' affirmative defenses *de novo*. *Hartmann Realtors v. Biffar*, 2014 IL App (5th) 130543, ¶ 20.

¶ 16    As CitiMortgage correctly notes, defendants' claim is not a proper affirmative defense as it does not "give color" to CitiMortgage's complaint but, rather, is an assertion that CitiMortgage has not satisfied a condition precedent to its right to bring suit. The loan documents require the lender to "give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument." The notice must specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums due, foreclosure by judicial proceeding and sale of the property. If CitiMortgage had not sent an acceleration notice, it would not be entitled to

foreclose. Thus, defendants' assertion that CitiMortgage failed to send the notice attacks CitiMortgage's ability to maintain the action and does not raise new matter that defeats the claim. See *id*. ¶ 25 (" '[A]n "affirmative defense" is one in which the defendant gives color to his opponent's claim but asserts new matter which defeats an apparent right in the plaintiff.' " (quoting *Raprager v. Allstate Insurance Co.*, 183 Ill. App. 3d 847, 854 (1989))); *Zook v. Norfolk & Western Ry. Co.*, 268 Ill. App. 3d 157, 169 (1994) (affirmative defense that would not defeat cause of action even if true but merely rebut a portion of plaintiff's evidence was properly stricken); *Zieger v. Manhattan Coffee Co.*, 112 Ill. App. 3d 518, 533 (1983) (defendant's affirmative defenses "neither admitted any part of plaintiff's case nor introduced any new matter which would have defeated plaintiff's contentions").

¶ 17    Further, defendants' denial that they received the acceleration notice is insufficient to create a genuine issue of material fact, which would defeat CitiMortgage's entitlement to summary judgment. Summary judgment is appropriate when the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2012); *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). A trial court's ruling on summary judgment presents an issue of law, which we review *de novo*. *Williams*, 228 Ill. 2d at 417.

¶ 18    As a threshold matter, we note that this case has a procedural anomaly. Although Anna and Katherine both signed the original mortgage, only Anna signed the note and loan modification agreement. Anna, who filed the original answer *pro se*, was granted leave to file an amended answer. Anna then filed an amended answer the same day Katherine filed her answer, and the affirmative defense related to TILA was stricken with prejudice from both answers while the affirmative defense related to notice was stricken with leave to amend. But only Katherine filed an "amended" affirmative defense following the court's ruling; therefore, only Katherine preserved the issue for appeal.

¶ 19    However, the result is the same because although Katherine filed a pleading purporting to assert "amended" affirmative defenses, the allegations of the amended pleading were identical to the original and no counteraffidavits were filed in response to CitiMortgage's motion for summary judgment. By failing to plead any additional facts in support of her claimed nonreceipt of the acceleration notice, we are left to evaluate the sufficiency of Katherine's unsupported allegations against the sworn evidence provided by CitiMortgage that there was a default in the payment of amounts due and that the notice of default, including CitiMortgage's right to accelerate the amounts due, was in fact mailed to Anna on November 7, 2011. A party defending against summary judgment is not entitled to rely on the allegations of her pleading to raise a genuine issue of material fact, but must affirmatively controvert evidence adduced by the moving party. *Purtill v. Hess*, 111 Ill. 2d 229, 240-41 (1986). Under the terms of the mortgage, any notice to the borrower is deemed to have been given when mailed by first class mail. In light of the copy of the notice to Anna in the record and the Theobald affidavit attesting to the date that notice was mailed, as well as other evidence demonstrating the existence of the default and the amounts due, Katherine's unsupported claim that she did not receive the notice was insufficient to create a genuine issue of material fact. It follows that the identical unsupported claim raised by defendants on appeal must fail as well.

¶ 20    Defendants' second affirmative defense claimed that as a result of CitiMortgage's alleged failure to provide Anna with notice of the requirements of the Illinois Mortgage Escrow Account Act (765 ILCS 910/11 (West 2012)), CitiMortgage violated TILA. TILA and its implementing Regulation Z (12 C.F.R. § 226 *et seq.* (2006)) generally require that certain material disclosures be made to a consumer seeking an extension of credit secured by the consumer's residence. Such disclosures include the creditor, the amount financed, the finance charge, the annual percentage rate and the payment schedule. 12 C.F.R. § 1026.18 (2006). CitiMortgage raises several arguments regarding the sufficiency of this claimed defense (including Katherine's ability to raise it given that she did not sign the loan modification), but in the interest of brevity we address only the legal issue of TILA's application to the circumstances presented here because it is dispositive. Defendants acknowledge that TILA applies only in connection with the original extension of credit to a consumer and that later events do not require new disclosures unless the original obligation is replaced with another, as in the case of a refinancing. Specifically, courts have found that TILA does not apply in the context of loan modifications. See *Drake v. Ocwen Financial Corp.*, No. 09-C-6114, 2010 WL 1910337, at \*7-9 (N.D. Ill. May 6, 2010).

¶ 21    Katherine cites no contrary authority, but asks us "as a matter of public policy" to extend TILA to loan modifications. Katherine offers no persuasive reason why we should depart from TILA's plain language and the authorities that have construed it. Because TILA does not apply to loan modifications, CitiMortgage's claimed failure to provide Anna with notice of the requirements of the Illinois Mortgage Escrow Account Act (765 ILCS 910/11 (West 2012)) gives rise to no claim under TILA.

¶ 22    The trial court properly dismissed defendants' affirmative defenses and because defendants failed to raise any genuine issue of material fact calling into question CitiMortgage's entitlement to summary judgment, the trial court correctly granted that motion as well. There being no other issues raised, the order confirming the sale is affirmed.

¶ 23    Affirmed.