2020 IL App (1st) 191034-U
Order filed: February 14, 2020

FIRST DISTRICT
Fifth Division

No. 1-19-1034

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| CARDINAL FITNESS OF PEORIA, LLC, an Illinois limited liability company, now known as Charter Fitness of Peoria, LLC | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ANNE LARSON REAL ESTATE, LLC, SERIES 4314 SHERIDAN ROAD, an Illinois limited liability company, and LARSON REAL ESTATE, LLC, SERIES 4314 SHERIDAN ROAD, LLC, an Illinois limited liability company, | ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Defendants. | ) ) ) | Nos.  2016 L 8603 and 2017 CH 1952 |
| ANNE LARSON REAL ESTATE, LLC SERIES 4314 SHERIDAN ROAD, an Illinois limited liability company; LARSON REAL ESTATE, LLC, SERIES 4314 SHERIDAN ROAD, LLC, an Illinois limited liability company; ANNE LARSON REAL ESTATE, LLC, GINGER CREEK SERIES, an Illinois limited liability company; and LARSON REAL ESTATE, LLC, GINGER CREEK SERIES, an Illinois limited liability company, | ) ) ) ) ) ) ) ) ) ) ) | (consolidated)  Honorable Brigid Mary McGrath, Judge, presiding. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | |
| PETER J. VRDOLYAK, III, | ) ) | |
| Defendant-Appellant. | ) ) | |

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Hoffman and Justice Delort concurred in the judgment.

### ORDER

¶ 1    *Held*:   We affirm the order granting partial summary judgment and entering a monetary judgment in favor of plaintiffs, where defendant failed to demonstrate the existence of a genuine issue of material fact, and the monetary judgment awarding plaintiffs partial relief did not bar remaining claims for relief under the doctrine of *res judicata*.

¶ 2    Defendant-appellant, Peter J. Vrdolyak, III (defendant), appeals from an order granting partial summary judgment and entering a monetary judgment against him. For the following reasons, we affirm.[1]

¶ 3                         I. BACKGROUND

¶ 4    In July 2016, plaintiff, Cardinal Fitness of Peoria, LLC, an Illinois limited liability company, now known as Charter Fitness of Peoria, LLC (CFP), filed a complaint in the law division of the Circuit Court of Cook County (case No. 2016 L 8603) against defendants, Anne Larson Real Estate, LLC, Series 4314 Sheridan Road, an Illinois limited liability company, and Larson Real Estate, LLC, Series 4314 Sheridan Road, LLC, an Illinois limited liability company (Sheridan Road defendants). Therein, CFP generally alleged that in December 2006 it had leased property from the Sheridan Road defendants in Peoria, Illinois, for the purpose of operating a fitness center. After alleging that the Sheridan Road defendants had improperly raised the rent and otherwise failed to fulfill other obligations under the lease—causing CFP to cease operations and vacate the premises in April 2016—CFP's complaint asked for a declaratory judgment as to the

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

amounts due and owing between the parties under the lease, and also sought damages for breach of contract.

¶ 5 Thereafter, in February 2017, a separate lawsuit was filed against defendant in the chancery division (2017 CH 1952) by plaintiffs-appellees, a group of entities including the Sheridan Road defendants (hereafter referred to as the Sheridan Road plaintiffs with respect to the chancery complaint) as well as Anne Larson Real Estate, LLC, Ginger Creek Series, an Illinois limited liability company, and Larson Real Estate, LLC, Ginger Creek Series, an Illinois limited liability company (Ginger Creek plaintiffs). These two lawsuits were consolidated in the circuit court on August 15, 2017.

¶ 6 On October 27, 2017, the operative first amended verified complaint was filed by plaintiffs in the chancery action. That complaint alleged that in December 2006, CFP leased property from the Sheridan Road plaintiffs in Peoria, Illinois, for the purpose of operating a fitness center. However, the chancery complaint alleged that it was actually CFP that breached its contractual duties under the 10-year lease, ultimately vacating the Peoria property prior to the lease expiration. The complaint further alleged that defendant was the manager of NEV Management, LLC, which "manages or managed CFP," and that defendant had executed a written guaranty with respect to CFP's obligations under the lease, as an inducement to the Sheridan Road plaintiffs to lease the Peoria property to CFP. Counts I and II of the complaint sought to recover from defendant for damages resulting from CFP's breach of the lease under, respectively, theories of breach of the written guaranty and promissory estoppel.

¶ 7 The complaint contained similar contentions with respect to another lease between the Ginger Creek plaintiffs and Charter Fitness of Springfield Peoria, LLC (CFS). Specifically, the complaint asserted that in December 2006, CFS leased property from the Ginger Creek plaintiffs

in Springfield, Illinois, for the purpose of operating a fitness center. CFS allegedly breached its contractual duties under the 10-year lease by failing to pay required rents, late fees and interest charges. Once again, the complaint alleged that defendant, the manager of NEV Management, LLC, which also "manages or managed *** CFS," had executed a written guaranty with respect to CFS's obligations under the lease, as an inducement to the Ginger Creek plaintiffs to lease the Springfield property to CFS.

¶ 8    However, the complaint also alleged that the Ginger Creek plaintiffs had previously obtained a judgment against CFS in Sangamon County, Illinois, for unpaid rent and expenses incurred through September 24, 2015, as well as for attorney fees. That judgement explicitly did not bar the Ginger Creek plaintiffs from asserting any claim for damages incurred after September 24, 2015. Finally, the complaint alleged that $210,050.80 of the judgment remained outstanding, and that efforts to collect from CFS had proven unsuccessful. Thus, Counts III and IV of the complaint sought to recover from defendant for all damages resulting from CFS's breach of the lease, including the outstanding $210,050.80 judgment previously entered against CFS, under theories of breach of the written guaranty and promissory estoppel.

¶ 9    Defendant responded by filing an answer and affirmative defenses, as well as a counterclaim. The circuit court ultimately dismissed the counterclaim, as well as those affirmative defenses related to the written guaranty, making the order final and appealable pursuant the Illinois Supreme Court Rule 304(a) (eff. March 8, 2016). Defendant filed a prior appeal from that order (No. 1-18-1848), but this court dismissed that appeal for want of prosecution.

¶ 10    Meanwhile, plaintiffs filed a motion for partial summary judgment on count III of the complaint, in which plaintiffs contended that because a judgment had already been entered against CFS for some of the damages resulting from the breach of the lease of the Springfield property,

and because the circuit had dismissed all of defendant's defenses with respect to the written guaranty, plaintiffs were entitled to partial summary judgment in their favor in the amount of the outstanding balance of that judgment. Specifically, plaintiffs asked the circuit court to:

"(1) grant summary judgment against the Defendant for Count III of Plaintiffs' First Amended Complaint; (2) enter judgment for $210,050.80 in favor of Plaintiffs against Defendant; (3) hold that entry of this judgment shall not bar any claim by Plaintiffs for rent and expenses accruing after September 24, 2015; (4) find that the Order granting Plaintiffs partial summary judgment is a final and appealable order pursuant to Rule 304(a), and that there is no just reason for delaying either enforcement or appeal or both; and (5) grant such other and further relief as may be just and fair under the circumstances."

¶ 11 After the motion for partial summary judgment was fully briefed, defendant was granted leave to file a supplemental response raising a new issue. Specifically, defendant asserted that a release contained in a 2010 operating agreement released him of any obligations under the written guaranty. The operating agreement involved an entity named Charter Holdings I, LLC (Charter Holdings), of which CFS was purportedly a subsidiary, and was executed by defendant as the initial member and only voting member of Charter Holdings. It was also executed by Doug Larson as a non-voting member of Charter Holdings. The release contained in the operating agreement provided that non-voting members such as Mr. Larson, as well as the "Affiliates" of such members, released and discharged defendant from—*inter alia*—all claims, demands, actions, causes of action, and oral or written agreements.

¶ 12 The supplemental response asserted—"on information and belief"—that Mr. Larson was the only manager of, a member of, and the owner of more than a 50% interest in and holder of more than 50% of the voting rights in the Ginger Creek plaintiffs. Because the release in the

operating agreement applied to Mr. Larson and his "Affiliates," defined as those entities with respect to which Mr. Larson had the "right to exercise, directly or indirectly, more than 50% of the voting rights," defendant contended he was released of any obligations under the written guaranty. None of the documents attached to the supplemental response, including the operating agreement itself, were supported by other evidence or affidavits as to the documents' authenticity or as to the foundational requirements for their admission into evidence.

¶ 13    Plaintiff filed a written response, and the circuit court took the matter under advisement. On January 8, 2019, the circuit court entered a written order providing, in pertinent part:

> "Plaintiffs' Motion [for Partial Summary Judgment] is granted. There is no genuine issue of material fact regarding whether the Release contained in Charter Fitness Holdings, I Operating Agreement does not release claims against the Defendant pursuant to the Guaranty he executed *** four years prior to the date the parties executed the Release. If the claims were contemplated by the parties at the time of the Release, the Release would have so stated."

¶ 14    Plaintiffs filed a motion seeking an amended order, contending that the written order entered by the court did not fully entail the actual relief granted by the court. Over defendant's objection, on April 18, 2019, the circuit court entered an order providing, in pertinent part:

> "Plaintiffs' Motion is granted. The Court finds there is no genuine issue of material fact regarding whether the Release contained in the 2010 Amended and Restated Operating Agreement of Charter Fitness Holding I, LLC (the "Release") does not release claims against the Defendant pursuant to the Guaranty he executed on December 6, 2006, four years prior to the date the parties executed the Release. The Court further finds, if the

parties had contemplated the claims at issue in Plaintiffs' Motion, the Release would have so stated. Therefore,

i) Judgment is entered for $210,050.80 in favor of Plaintiffs Ann Larson Real Estate, LLC, Ginger Creek series and Larson Real Estate, LLC, Ginger Creek Series against Peter J. Vrdolyak, III;

ii) Entry of this judgment shall not bar any claim by Plaintiffs for rent and expenses accruing after September 24, 2015;

iii) The Order granting Plaintiffs partial summary judgment is a final and appealable order pursuant to Rule 304(a), and that there is no just reason for delaying either enforcement for appeal or both."

¶ 15    Defendant filed a timely appeal from this order.

¶ 16                                II. ANALYSIS

¶ 17    On appeal, the parties first raise a number of arguments with respect to whether the circuit court properly granted partial summary judgment in favor of the Ginger Creek plaintiffs. We need not address each of these arguments, as we find a single issue dispositive.

¶ 18    Summary judgment is properly granted where the pleadings, depositions, and admissions on file, together with any affidavits, indicate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2–1005(c) (West 2018). Although a drastic means of disposing of litigation, summary judgment is, nonetheless, an appropriate measure to expeditiously dispose of a suit when the moving party's right to the judgment is clear and free from doubt. *Gaston v. City of Danville*, 393 Ill. App. 3d 591, 601 (2009). We review the grant of summary judgment *de novo*, and may affirm on any basis found in the record. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 23.

¶ 19    Here, defendant's sole argument with respect to the propriety of the circuit court's award of partial summary judgment in favor of the Ginger Creek plaintiffs is that the release contained in the 2010 operating agreement released him of his obligations under the written guaranty. As defendant himself concedes, however, the release in the operating agreement—which was signed by Mr. Larson—could only have also applied to the claims of the Ginger Greek plaintiffs if Mr. Larson had the "right to exercise, directly or indirectly, more than 50% of the voting rights" of those entities, such that they qualified as an "Affiliate" of Mr. Larson.

¶ 20    As an initial matter, we reiterate that defendant did nothing to lay a proper foundation for the introduction of the operating agreement into evidence, and as such he has no evidence in the record to actually support this argument. See *Cordeck Sales, Inc. v. Construction Systems, Inc*., 382 Ill. App. 3d 334, 384 (2008) (in ruling on a motion for summary judgment, a court can only consider evidence that would be admissible at trial and a party must therefore lay the proper foundation for the introduction of a document into evidence if it wishes to rely on the document in summary judgment proceedings by way of affidavit or testimony).

¶ 21    That aside, the only effort defendant made to establish this fact was the assertion in his supplemental response that Mr. Larson was the holder of more than 50% of the voting rights in the Ginger Creek plaintiffs, an assertion made "on information and belief." No affidavit or other evidence was submitted by defendant to substantiate this specific assertion. It is well-established that a "party defending against summary judgment is not entitled to rely on the allegations of her pleading to raise a genuine issue of material fact." *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 19. Moreover, even if this assertion had been made in an affidavit, it is also well-recognized that, in the context of ruling on a motion for summary judgment, "[s]tatements in an affidavit which are based on information and belief or which are unsupported conclusions,

opinions, or speculation are insufficient to raise a genuine issue of material fact*." Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 132 (1992). As such, we must reject defendant's claim that he raised a genuine issue of material fact that precluded an award of partial summary judgment in favor of the Ginger Creek plaintiffs.

¶ 22    Defendant's next contends that it was improper for the circuit court to enter a final and appealable monetary judgment in favor of the Ginger Creek plaintiffs for the outstanding amount of the Sangamon County judgment, while also providing in its order that "[e]ntry of this judgment shall not bar any claim by Plaintiffs for rent and expenses accruing after September 24, 2015." Plaintiff contends that the "trial court entered a final money judgment, as such any claims which seek damages based upon the same alleged breach of the guaranty are bared by *res judicata*."

¶ 23    "Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action. [Citation.] *Res judicata* is an equitable doctrine that is designed to prevent a multiplicity of lawsuits between the same parties where the facts and issues are the same." *Piagentini v. Ford Motor Co.*, 387 Ill. App. 3d 887, 890 (2009). We fail to see how this doctrine applies here, where the circuit court's order did not purport to allow plaintiffs to pursue its remaining claims in some future lawsuit. Rather, it is evident that the circuit court was merely indicating that the award of partial summary judgment *in this case* on a portion of plaintiffs' claims did not act as a bar to the remainder of plaintiffs' claims *in this case*. No possibility of a multiplicity of lawsuits is at issue here.

¶ 24    We also note that the summary judgment provision of the Code of Civil Procedure itself specifically provides that "a plaintiff may move with or without supporting affidavits for a summary judgment in his or her favor for all *or any part of the relief sought*." (Emphasis added.)

735 ILCS 5/2-1005 (West 2018). The circuit court's April 18, 2019, order is in full compliance with this provision.

¶ 25    Finally, while defendant raises additional arguments in his reply brief with respect to this issue, we find those arguments have been forfeited due to his failure to first raise them in his opening brief. Ill. S. Ct. R. 341(h)(7) (eff. May 28, 2018) ("Points not argued [in the opening brief] are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 26                                   III. CONCLUSION

¶ 27    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 28    Affirmed.