2024 IL App (1st) 231037-U

Order filed: May 2, 2024

FIRST DISTRICT
FOURTH DIVISION

No. 1-23-1037

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| COMMUNITY LOAN SERVICING, LLC, f/k/a Bayview Loan Servicing, LLC, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| | ) | No. 18 CH 3399 |
| JOLANTA EZLAKOWSKA, Individually and as Trustee of the Jolanta Ezlakowska Land Trust; DOROTA EZLAKOWSKA, Individually and as Trustee of the Dorota Ezlakowska Land Trust; BENEDYKT EZLAKOWSKI, Individually and as Trustee of the Benedykt Ezlakowski Land Trust; ADA EZLAKOWSKA, as Trustee of the Ada Ezlakowska Land Trust; AGATA EZLAKOWSKA, as Trustee of the Agata Ezlakowska Land Trust; BLAZEJ EZLAKOWSKI, as Trustee of the Blazej Ezlakowski Land Trust; EMILIA EZLAKOWSKI, as Trustee of the Emilia Ezlakowski Land Trust; MAGDALENA EZLAKOWSKA, as Trustee of the Magdalena Ezlakowska Land Trust; MATEUSZ EZLAKOWSKI, as Trustee of the Mateusz Ezlakowski Land Trust; STANISLAW EZLAKOWSKI, as Trustee of the Stanislaw Ezlakowski Land Trust; WIKTOR EZLAKOWSKI, as Trustee of the Wiktor Ezlakowski Land Trust; Unknown Owners and Non Record Claimants; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants | ) ) | |
| (Benedykt Ezlakowski, Individually and as Trustee of the Benedykt Ezlakowski Land Trust; and Dorota Ezlakowska, Individually and as Trustee of the Dorota Ezlakowska Land Trust; Defendants-Appellants). | ) ) ) ) ) | Honorable William V. Sullivan Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Ocasio concurred in the judgment.

## ORDER

¶ 1    *Held*:    The circuit court did not err in granting summary judgment in favor of the plaintiff where defendants' general denial stood as a judicial admission that plaintiff complied with all of the conditions precedent to filing the instant foreclosure action and where it properly considered plaintiff's affidavit of amounts due and owing.

¶ 2    Defendants-appellants, Benedykt Ezlakowski, individually and as Trustee of the Benedykt Ezlakowski Land Trust (collectively, Benedykt), and Dorota Ezlakowska, individually and as Trustee of the Dorota Ezlakowska Land Trust, (collectively, Dorota) appeal from the entry of summary judgment, foreclosure judgment, and approval of judicial sale in this mortgage foreclosure action brought by plaintiff-appellee, Bayview Loan Servicing, LLC (Bayview), now known as Community Loan Servicing, LLC (CLS) (plaintiff).[1] We affirm.

¶ 3    The following history is derived from the pleadings and exhibits of record.

¶ 4    On January 31, 2005, Jolanta Ezlakowska, who is not a party to this appeal, executed a $261,250.00 promissory note payable to Illinois Financial Network, which was secured by a mortgage on a residential property, commonly known as 1717 Mannheim Road, Des Plaines, IL 60618 (the property). The mortgage contract named Jolanta, Benedykt, and Dorota as borrowers and named Mortgage Electronic Registration Systems, Inc. (MERS) as Nominee for Illinois Financial Network as the mortgagee.

¶ 5    Paragraph 22 of the mortgage contained an "Acceleration; Remedies" clause stating:

---

[1] On October 13, 2021, the circuit court granted plaintiff's motion to substitute Community Loan Servicing, LLC (CLS) as party plaintiff, which attached a certificate of amendment stating that Bayview changed its name to CLS, effective September 28, 2020.

"Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provided otherwise)."

¶ 6    The mortgage also contained a "Notices" clause in paragraph 15, which provided:

"Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise."

¶ 7    On March 8, 2010, MERS granted, assigned, and transferred to Chase Home Finance LLC (Chase) all interest in and under the mortgage. On December 6, 2013 Chase granted, assigned, and transferred to plaintiff all interest in and under the mortgage.

¶ 8    On June 23, 2017, the terms of the mortgage and note, by agreement between Jolanta and plaintiff, were modified (loan modification) stating "[a]s of June 7, 20217, the amount, including such amounts which have been added to the indebtedness (if any), payable under the Note and Security Instrument (the 'Unpaid Principal Balance') is U.S. $401,745.81."

¶ 9    On March 15, 2018, plaintiff filed a complaint pursuant to section 15-1504(a) of the Code of Civil Procedure (Code) (735 ILCS 5/15-1504(a) (West 2018)) seeking to foreclose on the property against various persons with interest in the property including, Jolanta, Benedykt, and Dorota. Plaintiff attached to its complaint copies of the mortgage, promissory note, and assignment of mortgage. On May 18, 2018, plaintiff filed an amended complaint to correct the spelling of some of the defendants' sur names and a second amended complaint on December 11, 2019, attaching the loan modification. Plaintiff alleged that "[t]he mortgagor has failed to make payments

when due and the subject loan has been accelerated. The current unpaid principal balance is $240,203.58, plus accrued interest, court costs, title costs and plaintiff's attorney fees."

¶ 10    Benedykt and Dorota filed an unverified answer and affirmative defenses to the second amended complaint on January 21, 2020. After responding to each of the allegations of the second amended complaint, Benedykt and Dorota addressed "the so called deemed allegations," that is the allegations of the mortgage foreclosure action which are deemed admitted under section 15-1504(a) of the Code (735 ILCS 5/15-1504(a) (West 2020)). In this section, Benedykt and Dorota, stated:

>  "Defendants deny that any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given. Defendant, on information and belief, denies that he has received a document containing the notice specifically required under the terms of paragraph 22 of the mortgage."

¶ 11    On September 17, 2021, plaintiff moved for summary judgment against Benedykt and Dorota arguing that it complied with the requirements of the mortgage and provided sufficient notice of default and acceleration of the underlying debt. Plaintiff further argued that pursuant to Illinois Supreme Court Rule 133(c) (eff. July 1, 1982), Benedykt and Dorota's "general denial" stands as an admission that plaintiff provided all proper notices.

¶ 12    To support its position that it had fulfilled the condition precedent, plaintiff attached the affidavit of Nicole Currey (Currey affidavit). Currey, an "FC Document Supervisor" for plaintiff, made the following averments. As part of Currey's job responsibilities, she was familiar with the type of records maintained by plaintiff in connection with the subject loan and had personal knowledge of plaintiff's procedure for creating and maintaining these records. These records were "(a) made at or near the time of the occurrence of the matters set forth therein by persons with

personal knowledge; (b) are kept in the course of [plaintiff's] regularly conducted business activities; and (c) created by [plaintiff] as a regular practice." The relevant business records "are kept electronically and that the equipment that produced the record is recognized as standard, the entries on the equipment were made in the regular course of business at or reasonably near the happening of the even [*sic*] recorded, and the sources of information, as well as the method and time of preparation were such as to indicate their trustworthiness."

¶ 13 Prior to making the affidavit, Currey reviewed the records associated with the subject loan, including the true and accurate copies of two records attached to the affidavit as exhibits: (1) a log history relating to the loan (log) and (2) a January 4, 2018 acceleration letter (acceleration letter) addressed to Jolanta.

¶ 14 The log is "a record of communications regarding the Loan status" and the entries were made at or near the time that the loan was declared in default and were not made in anticipation of litigation. The log includes an entry that the acceleration letter dated January 4, 2018 was sent to Jolanta by First Class U.S. Mail. The computer software program used to generate the log and other similar records "have been in place for the life of the communication histories," is periodically checked for reliability, and "can only be accessed by trained personnel with the requisite authority and clearance." Currey has the requisite authority and training to access the program.

¶ 15 Plaintiff created the acceleration letter in the ordinary course of plaintiff's business and it is the regular business of plaintiff to make the log entry "contemporaneously with the creation, printing, and mailing of the computer generated [acceleration letter]." In the ordinary course of its business, plaintiff sent acceleration letters by First Class U.S. Mail.

¶ 16    On January 7, 2022, plaintiff filed motions seeking a default order against Jolanta and other named defendants who had not appeared or answered, judgment of foreclosure, and the appointment of a selling officer. In support, plaintiff filed an amounts due and owing affidavit of Jessica Fernandez (Fernandez affidavit), an assistant vice president for plaintiff, who was familiar with its business and mode of operation. Fernandez averred as follows. In the regular course of her job functions, she was familiar with the business records maintained by plaintiff for the purpose of servicing mortgage loans, collecting payments, and pursuing any delinquencies (loan records). Based on her "training and personal knowledge," she was competent and had authority to testify as to the contents of the affidavit.

¶ 17    The loan records "typically include electronic data compilations and imaged documents" and "were made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the ordinary course of the business activity regularly conducted by [plaintiff]." Plaintiff has the regular practice to make and update the loan records.

¶ 18    Plaintiff "acquired the servicing rights for [Jolanta's] loan on 11-16-13, from [Chase]" and is in possession of the original note relating to the loan. At the time plaintiff acquired the loan, Jolanta "was Delinquent as of 11-01-09." To determine the amounts due and owing on the loan, Fernandez reviewed the loan's payment history record, a true and accurate copy was attached to the affidavit. The payment history record is made in the regular course of plaintiff's business. Plaintiff uses a tracking and accounting program (program), "HSP," which "is recognized as standard in the industry." The program automatically records and tracks mortgage payments. There are standard procedures for processing and applying payments. Authorized persons receive and credit payments and input and record account activity at or near the event or occurrence. The

program automatically dates the entries when made, identifies the type of transaction, and calculates running account totals so that account balances are accurate. The entries on the loan history reflecting payments on Jolanta's loan were made in accordance with these procedures, at or near the time a payment was received, and the program was properly operated to accurately record the payments. The loan records show that Jolanta "failed to pay amounts due under the Note beginning with the payments due on August 1, 2017, and the amount due and owing as of October 8, 2021 is with a per diem of $27.15" and the net amount due was "$468,672.09 as of October 8, 2021 plus reasonable attorney's fees and costs."

¶ 19 Thereafter, Benedykt and Dorota filed a motion to strike the Fernandez affidavit arguing that plaintiff failed to provide sufficient foundation as to the ability of Fernandez to testify as to matters contained in the affidavit and for failure to comply with Illinois Supreme Court Rule 113 (eff. Oct. 1, 2021). The circuit court granted the motion to strike. Thereafter, plaintiff moved for reconsideration; the court granted the motion and reinstated the Fernandez affidavit.

¶ 20 On September 19, 2022, Benedykt and Dorota filed a motion to strike the Currey affidavit as insufficient under Rule 191(a) (Il. S. Ct. R. 191(a) (eff. Jan. 4, 2013)), which the court denied.

¶ 21 They also filed a response to plaintiff's motion for summary judgment arguing that the Fernandez affidavit was insufficient under Rule 113 (Il. S. Ct. R. 113 (eff. Oct. 1, 2021)) and that, at a minimum, a material question of fact remained as to plaintiff's compliance with a contractual condition precedent.

¶ 22 On November 21, 2022, the circuit court found Jolanta and the other defendants, who had not appeared or answered, in default. The circuit court granted plaintiff's motion for summary judgment and entered a judgment of foreclosure against all defendants. Thereafter, the property

was sold at judicial auction. On May 9, 2023, upon plaintiff's motion, the circuit court entered an order approving the report of sale and distribution.

¶ 23    Benedykt and Dorota appealed.

¶ 24    On appeal, Benedykt and Dorota argue that the circuit court erred in granting plaintiff's motion for summary judgment, where there was an issue of material fact as to whether plaintiff complied with the mortgage contract's condition precedent to give defendants notice prior to acceleration. Benedykt and Dorota also argue that summary judgment in plaintiff's favor was improper where plaintiff failed to provide a proper affidavit of amounts due and owing. Lastly, Benedykt and Dorota argue that, on the basis that summary judgment should not have been entered in the plaintiff's favor, the trial court abused its discretion in entering the order approving the judicial sale of the property.

¶ 25    Summary judgment is proper when the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2022). A genuine issue of material fact exists "where the material facts are disputed or, if the material facts are undisputed, reasonable persons might draw different inferences from the undisputed facts." *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 49. In determining whether a question of material fact exists, the reviewing court must construe the materials of record strictly against the movant and liberally in favor of the nonmoving party. *Id.* Although a drastic means of disposing of litigation, summary judgment remains an appropriate measure to expeditiously dispose of a suit when the moving party's right to the judgment is clear and free from doubt. *Gaston v. City of Danville*, 393 Ill. App. 3d 591, 601 (2009).

¶ 26    An order granting a motion for summary judgment is subject to a *de novo* standard of review. *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 309 (2010). This court

may, therefore, affirm the judgment of the circuit court on any basis that appears in the record, regardless of whether the circuit court relied upon that basis or whether the circuit court's reasoning was correct. *Retirement Plan for Chicago Transit Authority Employees v. Chicago Transit Authority*, 2020 IL App (1st) 182510, ¶ 34.

¶ 27    On appeal, the parties agree that providing a notice of acceleration was a condition precedent to plaintiff's right to file the instant foreclosure action. See *Credit Union 1 v. Carrasco*, 2019 IL App (1st) 172535, ¶ 15 (citing *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 16; *Accetturo*, 2016 IL App (1st) 152783, ¶ 33). A condition precedent is a condition in which performance by one party is required before the other party is obligated to perform. *Midwest Builder Distributing, Inc. v. Lord & Essex, Inc.*, 383 Ill. App. 3d 645, 668 (2007). Strict compliance is required where contracts contain express conditions precedent. *Id.*

¶ 28    As to Benedykt and Dorota's first argument on appeal, the question is whether a genuine issue of material fact exists as to whether an acceleration notice, a condition precedent, was given to defendants.

¶ 29    We first consider whether the denial in Benedykt and Dorota's answer to the second amended complaint operated as a judicial admission that a notice of acceleration was provided. Where, as here, a notice of acceleration is a condition precedent to plaintiff moving forward with a foreclosure action, plaintiff's complaint and defendants' answer are required to comply with Illinois Supreme Court Rule 133(c) (eff. July 1, 1982), which provides:

"Condition Precedent. In pleading the performance of a condition precedent in a contract, it is sufficient to allege generally that the party performed all the conditions on his part; if the allegation be denied, the facts must be alleged in connection with the denial showing wherein there was a failure to perform." *Id.*

- 9 -

¶ 30    Where a complaint follows the prescribed format of section 15-1504(a) of the Code (735 ILCS 5/15-1504(a) (West 2018)), it is "deemed and construed" to allege, *inter alia*, "that any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given." *Id.* § 15-1504(c)(9). Here, there is no dispute that plaintiff's second amended complaint followed the statutory prescribed format and therefore complies with Rule 133(c).

¶ 31    Therefore, Benedykt and Dorota's answer was required to comply with Rule 133(c). To comply with Rule 133(c), a defendant must plead specific facts showing that the plaintiff failed to perform conditions precedent. *Deutsche Bank National Trust Company v. Roongseang*, 2019 IL App (1st) 180948, ¶ 23. "[A] general denial to an allegation of the performance of a condition precedent in a contract is treated as an admission of that performance." *Bank of New York Mellon v. Wojcik*, 2019 IL App (1st) 180845, ¶ 21.

¶ 32    Here, Benedykt and Dorota's unverified answer responding to the relevant allegation consisted of two sentences. In the first sentence they said that they "deny that any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given," which is considered a general denial that stands as an admission that plaintiff provided all of the proper notices. See *Id*. ¶ 22. In the second sentence Benedykt, "on information and belief" denied that "he" had received a notice of acceleration as provided by paragraph 22 of the mortgage and remained silent as to whether Dorota or Jolanta received a notice of acceleration. Allegations made on information and belief are not the equivalent of allegations of relevant fact. *Patrick Engineering Inc. v. City of Naperville*, 2012 IL 113148, ¶ 40. Therefore, Benedykt and Dorota failed to provide specific facts to support their denial, and

their general denial stands as a judicial admission that plaintiff provided all proper notices. See *Wojcik*, 2019 IL App (1st) 180845, ¶ 21-23.

¶ 33    In light of Benedykt and Dorota's judicial admission, the circuit court properly granted plaintiff's motion for summary judgment as there was no material issue of fact as to whether plaintiff gave a notice of acceleration to defendants. See *Id.*¶¶ 22-23 ((citing *Burns v. Michelotti*, 237 Ill. App. 3d 923, 932 (1992) ("A party cannot create a factual dispute by contradicting a previously made judicial admission."); and *In re Estate of Rennick*, 181 Ill. 2d 395, 406-07 (1998) ("a judicial admission may not be contradicted in a motion for a summary judgment")).

¶ 34    Even if Benedykt and Dorota's answer did not constitute a judicial admission, they cannot rely on their answer alone to raise an issue of material fact to defeat a properly-supported motion for summary judgment. See *Carlson v. Chicago Transit Authority*, 2014 IL App (1st) 122463, ¶ 23 (quoting *Carruthers v. B.C. Christopher & Co.*, 57 Ill. 2d 376, 380 (1974) ("If the party moving for summary judgment supplies facts which, if not contradicted, would entitle such a party to a judgment as a matter of law, the opposing party cannot rely upon his complaint or answer alone to raise genuine issues of material fact.").

¶ 35    Benedykt and Dorota, in their answer, asserted that Benedykt had not *received* a notice of acceleration as required by paragraph 22 of the mortgage. Paragraph 22 of the mortgage required plaintiff to "give notice to Borrower prior to acceleration," and further imposed requirements to the contents of that notice.[2] However, under paragraph 15 of the mortgage, any notice to borrower is deemed to have been given when mailed by first class mail and any notice to one borrower was notice to all borrowers. Therefore, Benedykt and Dorota's statement in the answer that Benedykt

---

[2] Defendant does not argue on appeal that the substance of the purported notice was deficient, but only argues that proper notice was not given.

did not *receive* a notice prior to the filing of this action does not, standing alone, show an issue of fact about whether the notice was *given* under the terms of the mortgage. See *CitiMortgage v. Bukowski*, 2015 IL App (1st) 140780, ¶¶ 17, 19 (the defendants' denial that they received an acceleration notice was insufficient to create a genuine issue of material fact); and *CitiMortgage Inc. v. Lewis*, 2014 IL App (1st) 131272, ¶ 39 (notice properly given under supreme court rules allowing the giving of notice by regular mail cannot be frustrated by allegation that it was not received).

¶ 36    Further, in support of its motion for summary judgment, plaintiff provided the affidavit of Currey, who averred that a letter providing notice of acceleration was sent by first class mail to Jolanta on January 4, 2018. Benedykt and Dorota did not file counteraffidavits or other factual or evidentiary support to contradict the averments. When not contradicted by counteraffidavit, facts contained in an affidavit provided in support of a motion for summary judgment are taken as true for the purpose of the motion. *CitiMortgage, Inc. v. Sconyers*, 2014 IL App (1st) 130023, ¶ 9.

¶ 37    Benedykt and Dorota argue the Currey affidavit contained conclusions and failed to comply with Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) and Illinois Supreme Court Rule 236 (eff. Aug. 1, 1992). Rule 191(a) generally provides that affidavits in support of a motion for summary judgment "shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." "An affidavit satisfies the requirements of Rule 191(a) if from the document as a whole it appears the affidavit is based on the personal knowledge of the affiant and there is a reasonable inference that the affiant could

competently testify to its contents." (Internal quotation marks omitted.) *Madden v. F.H. Paschen/S.N. Nielson, Inc.*, 395 Ill. App. 3d 362, 386 (2009).

¶ 38 Rule 236(a) governs the requirements for documents to be admitted into evidence as business records. That rule provides as follows:

> "Any writing or record, whether in the form of any entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of the act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but shall not affect its admissibility. The term 'business,' as used in this rule, includes business, profession, occupation, and calling of every kind." Ill. S. Ct. R. 236(a) (eff. Aug. 1, 1992).

Under this rule, it is the business record itself, not the testimony of a witness making reference to the record, which is admissible. *US Bank, N.A. v. Avdic*, 2014 IL App (1st) 121759, ¶ 29.

¶ 39 Specifically, Benedykt and Dorota argue that the Currey affidavit was devoid of details regarding the method of mailing or completion of mailing of acceleration letters and did not provide evidence that mailing actually took place in this particular instance. They further argue that the business records attached to the Currey affidavit failed to indicate the actual method of sending or evidencing that the produced notice was actually sent (*i.e.* no mailing envelope or proof of payment for postage). We disagree.

¶ 40 As set out in more detail above, in her affidavit, Currey provided that, as part of her job responsibilities, she was familiar with the loan records and had personal knowledge of plaintiff's

procedures for creating and maintaining the loan records. She identified the exhibits attached to her affidavit, the log, and the acceleration letter, that she reviewed and relied upon to determine that the acceleration letter was mailed to Jolanta by first class mail. Currey averred that the entries on the log, including the entry showing the acceleration letter was created on January 4, 2018 and the acceleration letter itself were made at or near the time of the transaction, were kept in the regular course of business, and were created as a regular practice. As the loan records were kept electronically, she also averred that the equipment used to maintain and create the log and the acceleration letter was recognized as standard, was periodically checked for reliability, and could only be accessed by individuals who were authorized and trained to do so. Currey was a trained and authorized individual. Currey averred that it was the ordinary course of plaintiff's business to make the entry on the log as to the acceleration letter "contemporaneously with the creation, printing and mailing" of the acceleration letter. The affidavit laid a sufficient foundation for the admission of the log and the acceleration letter as business records under Rule 236. Currey's unrebutted affidavit and the exhibits demonstrated that plaintiff mailed the acceleration letter by first class mail on January 4, 2018 to Jolanta. Therefore, the circuit court did not err in considering the Currey affidavit and the attached exhibits as to whether plaintiff gave notice of acceleration in granting summary judgment in favor of plaintiff.

¶ 41 Benedykt and Dorota next argue that the circuit court erred in granting summary judgment where plaintiff failed to provide a proper Rule 113 affidavit of amounts due and owing. In particular, they argue that the averments as to Fernandez's identity and personal knowledge were vague. We disagree.

¶ 42 Illinois Supreme Court Rule 113(c)(1) (eff. July 1, 2018), provides that "All plaintiffs seeking a judgment of foreclosure, under section 15-1506 of the [Code (735 ILCS 5/15-1506 (West

2018))], by default or otherwise, shall be required to submit an affidavit in support of the amounts due and owing under the note when they file any motion requesting a judgment of default against a mortgagor or a judgment of foreclosure." Rule 113(c)(2) further provides:

"All affidavits submitted in support of entry of a judgment of foreclosure, default or otherwise, shall contain, at a minimum, the following information:

(i) The identity of the affiant and an explanation as to whether the affiant is a custodian of records or a person familiar with the business and its mode of operation. If the affiant is a person familiar with the business and its mode of operation, the affidavit shall explain how the affiant is familiar with the business and its mode of operation.

(ii) An identification of the books, records, and/or other documents in addition to the payment history that the affiant reviewed and/or relied upon in drafting the affidavit, specifically including records transferred from any previous lender or servicer. The payment history must be attached to the affidavit in only those cases where the defendant(s) filed an appearance or responsive pleading to the complaint for foreclosure.

(iii) The identification of any computer program or computer software that the entity relies on to record and track mortgage payments. Identification of the computer program or computer software shall also include the source of the information, the method and time of preparation of the record to establish that the computer program produces an accurate payment history, and an explanation as to why the records should be considered 'business records' within the meaning of the law." Ill. S. Ct. R. 113(c)(2) (eff. July 1, 2018).

Finally, Rule 113(c)(4) states that the "affidavit prepared shall, at a minimum, be prepared by utilizing, or substantially adopting the appearance and content of, the form provided in the Article II Forms Appendix." Ill. S. Ct. R. 113(c)(4) (eff. July 1, 2018).

¶ 43    Upon review of the Fernandez affidavit, we find that Fernandez's affidavit of the amounts due and owing was legally sufficient and complied with Rule 113. As to her identity and personal knowledge, Fernandez averred that she was an assistant vice president with plaintiff and was familiar with plaintiff's business and mode of operation. She further averred that, as part of her job functions, she was familiar with the business records maintained by plaintiff for the purpose of servicing mortgage loans, collecting payments, and pursuing any delinquencies. She also averred that she was competent to testify to the matters in the affidavit based on her personal knowledge and training. She identified the documents, including computer-generated records, she reviewed and relied upon in drafting her affidavit and attached those to the affidavit. See *Bayview Loan Servicing, LLC v. Szpara*, 2015 IL App (2d) 140331, ¶¶ 43-46 (holding that the affidavit of the plaintiff-bank's vice president in a mortgage foreclosure case complied with Rule 236 and was sufficient to support a summary judgment in favor of the bank where the affiant averred that in her capacity of vice president, she had access to the loan records; she reviewed the loan records; the affiant had personal knowledge of how the loan records were kept and maintained; the loan records were maintained by the bank in the course of its regularly conducted business activities; the loan records were made at or near the time of the event by a person with knowledge; it was the bank's regular practice in the ordinary course of business to keep loan records; and certain specified amounts were due and owing of the loan); and *Bank of America, N.A. v. Land*, 2013 IL App (5th) 120283, ¶ 14 (holding that the affidavit of the plaintiff-bank's assistant vice president in a mortgage foreclosure case complied with Rule 236 and was sufficient to support a grant of summary judgment for the bank where the affiant attested that she was personally familiar with the bank's procedures for creating and maintaining its business records, the loan records were made at or near the time of the event by persons with personal knowledge of the information in

the records, the loan records were kept in the course of the bank's regularly conducted business activities, it was the bank's regular practice to make and keep such records, and a certain amount was due and owing on the loan).

¶ 44 Benedykt and Dorota next contend that the Fernandez affidavit was deficient to lay a foundation for the payment history record and her averments about the information in the record. Specifically, Fernandez failed to show how the program was recognized as standard" or that the payment inputs were "made in the regular course of *** business" "at or near the time the payment was received." We disagree.

¶ 45 To admit business records into evidence as an exception to the general rule excluding hearsay, the proponent must lay a proper foundation by showing that the records were "made (1) in the regular course of business, and (2) at or near the time of the event or occurrence." *Gulino v. Economy Fire & Casualty Co.*, 2012 IL App (1st) 102429, ¶ 27. "Where[, as here,] computer-generated records are involved, the proponent must show that 'the equipment which produced the record is recognized as standard, the entries were made in the regular course of business at or reasonably near the happening of the event recorded and the sources of information, method and time of preparation were such as to indicate their trustworthiness and to justify their admission." *U.S. Bank, National Association v. Avdic*, 2014 IL App (1st) 121759, ¶ 25 (quoting *Riley v. Jones Brother Construction Co.*, 198 Ill. App. 3d 822, 829 (1990)).

¶ 46 Fernandez, in her affidavit, based on her training and personal knowledge, identified the program that plaintiff uses to record and track loan payments as HSP. She averred that HSP is recognized as standard in the industry, and detailed the procedures used by authorized persons to process and apply mortgage payments when they are received. Fernandez further averred that the loan records were made in the regular course of plaintiff's business and that the entries reflecting

the payments on Jolanta's loan were made in accordance with the procedures, at or near the time a payment was received, and that HSP was properly operated to accurately record the payments. Thus, Fernandez adequately showed that the computer software was standard and that the entries were made in the regular course of business.

¶ 47 Benedykt and Dorota also argue that the Fernandez affidavit failed to substantially comply with the form affidavit under Rule 113(c)(4). Specifically, Benedykt and Dorota note that absent from the Fernandez affidavit is the amount the loan was in default at the time of the transfer from Chase to plaintiff. However, the affidavit was not required to include this amount as "this particular information is not explicitly required by the text of Rule 113" and plaintiffs are only required to "substantially comply" with Rule 113. *U.S. Bank National Ass'n v. Gagua*, 2020 IL App (1st) 190454, ¶ 81.

¶ 48 Based on the foregoing, the court properly considered the Fernandez affidavit and the documents attached thereto in granting plaintiff's motion for summary judgment.

¶ 49 Benedykt and Dorota's argument that the circuit court abused its discretion in entering the order approving the judicial sale of the property was based entirely on their contention that summary judgment should not have been entered in plaintiff's favor. Because we have found that summary judgment was properly granted in favor of plaintiff, we conclude that the circuit court did not error in approving the judicial sale of the property.

¶ 50 For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 51 Affirmed.